PER CURIAM.
¶1 Michael Renardo Jackson appeals from a judgment, entered upon his guilty plea, convicting him of one count of second-degree sexual assault of a child. He also appeals from an order denying his postconviction motion for plea withdrawal.[1] Jackson complains that his plea was not knowing, intelligent, and voluntary because of ineffective assistance from trial counsel. The circuit court denied the postconviction motion without a hearing, concluding the allegations of prejudice were insufficient to warrant a Machner[2] hearing. We agree with the circuit court and affirm the judgment and order.
BACKGROUND
¶2 Jackson was charged with one count of second-degree sexual assault of a child based on allegations that he had sexual intercourse with fourteen-year-old J.M.G. on seven occasions. On the day of trial, Jackson entered a guilty plea. Pursuant to the terms of the plea agreement, the State argued for a prison term that included six years of initial confinement. Defense counsel advocated for a concurrent sentence of five years' initial confinement and five years' extended supervision. The circuit court imposed a concurrent sentence of six years' initial confinement and four years' extended supervision.
¶3 Jackson subsequently filed a postconviction motion seeking to withdraw his guilty plea. He alleged that his plea "was not knowing and voluntary" because:
his attorney told him that he should proceed with the plea and that if he was unhappy with the outcome, he could appeal.... [H]e understood based on this advice that if he was unhappy with the outcome, he would be able to continue to contest his case through the appeal process and have a trial. Further ... his attorney told him that there were "flaws" in the State's case and that he should appeal.... [H]e believed based on this advice that even after entering a guilty plea, he would have an opportunity to argue the "flaws" in the State's case against him on appeal and secure a trial.
... [I]f he had known that he could not through an appeal secure a trial based on disappointment with the sentence or weaknesses in the State's case against him, he would have insisted on a trial.
Jackson thus claimed that trial counsel was deficient when he "misadvised Mr. Jackson that he could continue to contest his case and secure a trial on appeal if he was dissatisfied with his sentence" and when he "urged Mr. Jackson to continue to contest the case on appeal because of the weaknesses in the State's case[.]"
¶4 Jackson also claimed he was prejudiced by counsel's performance because "he would not have entered his guilty plea but for counsel's error." He says he was:
confident in his ability to prevail at trial and was on the verge of backing out of the plea negotiation. He would not have proceeded with the plea if his lawyer had not persuaded him to proceed by grossly understating the finality of the plea and leading him to believe that he could continue to contest the case based on the weaknesses in the State's evidence and secure a trial if he was unhappy with the outcome of his plea. His lawyer led him to believe that he could enter the guilty plea and see how it came out, simply reserving his right to contest the case for a later time. Mr. Jackson entered his plea because he did not fully understand what he was giving up.
¶5 The circuit court noted that to the extent that trial counsel had advised Jackson "that he could 'eat his cake and have it too' - i.e. that he could take advantage of the State's generous plea offer and continue to contest his case on appeal if he were dissatisfied with his sentence, counsel was arguably deficient." However, the circuit court determined that Jackson had not "sufficiently demonstrated that he was prejudiced." It noted that while Jackson had alleged "that he had 'confidence' that he could prevail at trial because there were 'credibility issues and inconsistencies surrounding the victim,' " he had not explained "how he intended to impeach the victim's credibility at trial or what inconsistencies he intended to bring forth to counter the allegations of sexual assault." While Jackson claimed counsel advised "that there were 'flaws' or 'weaknesses' in the State's case, and that he could continue to argue them on appeal and secure a trial if he were dissatisfied with his sentence," Jackson had not identified any of those supposed flaws or weaknesses. The circuit court additionally noted that Jackson did not claim dissatisfaction with his sentence. The circuit court thus concluded that "[u]nder the circumstances ... the defendant's allegations of prejudice are insufficient to warrant a Machner hearing, and therefore, the defendant's postconviction motion to withdraw his guilty plea is denied." Jackson appeals.
DISCUSSION
¶6 A defendant seeking to withdraw a guilty plea after sentencing "must prove by clear and convincing evidence that withdrawal is necessary to correct a manifest injustice." State v. Villegas , 2018 WI App 9, ¶18, 380 Wis. 2d 246, 908 N.W.2d 198 ; see also State v. Bentley , 201 Wis. 2d 303, 311, 548 N.W.2d 50 (1996). One avenue for seeking such relief is a claim "that the plea is infirm under Bentley ... based upon 'some factor extrinsic to the plea colloquy'-like ineffective assistance of counsel." See Villegas , 380 Wis. 2d 246, ¶19 (citation omitted). The other avenue is to allege an unknowing plea based on a defect in the plea colloquy. See id. , ¶20; see also State v. Bangert , 131 Wis. 2d 246, 274, 389 N.W.2d 12 (1986). Jackson concedes that the plea colloquy was not defective and he has no valid Bangert claim.
¶7 A Bentley -type postconviction motion must allege "sufficient material facts that, if true, would entitle the defendant to relief." See State v. Allen , 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433 ; Bentley , 201 Wis. 2d at 310. A sufficient petition entitles the defendant to a hearing, but if the motion fails to allege sufficient facts or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, then the circuit court has the discretion to grant or deny a hearing. See Allen , 274 Wis. 2d 568, ¶9. We review a circuit court's discretionary decisions for an erroneous exercise of that discretion. See Bentley , 201 Wis. 2d at 311.
¶8 Ineffective assistance of counsel would constitute a manifest injustice. See id. To demonstrate ineffective assistance of trial counsel, Jackson must show that trial counsel performed deficiently and that this deficiency prejudiced his defense. See Strickland v. Washington , 466 U.S. 668, 686 (1984) ; Villegas , 380 Wis. 2d 246, ¶23. Deficient performance occurs when the attorney's errors are so serious that he or she was not functioning as the "counsel" guaranteed by the constitution. See Villegas , 380 Wis. 2d 246, ¶24. To demonstrate prejudice, Jackson must show a reasonable probability that, but for counsel's deficiency, the result of the proceedings would have been different. See id.
¶9 "[T]he facts supporting plea withdrawal must be alleged in the [motion] and the defendant cannot rely on conclusory allegations, hoping to supplement them at a hearing." Bentley , 201 Wis. 2d at 313. "A defendant must do more than merely allege that he would have pled differently; such an allegation must be supported by objective factual assertions ... that allow the reviewing court to meaningfully assess [the] claim." See id. at 313-14. Here, the circuit court assumed that trial counsel was deficient, but determined that Jackson's postconviction motion did not sufficiently allege prejudice.
¶10 On appeal, Jackson argues that he made more than a "bare bones" assertion because he alleged he was confident in his ability to prevail at trial until counsel convinced him to plead, and he would not have pled if his lawyer had not led him to believe that he could continue to contest the case and secure a trial if he was unhappy with the outcome of his plea. We review only the allegations in the postconviction motion, not in the appellate brief, see Allen , 274 Wis. 2d 568, ¶27, and we disagree with Jackson's assertion that his motion sufficed.
¶11 First, Jackson claimed that trial counsel told him that "if he was unhappy with the outcome, he could appeal." But Jackson does not claim any unhappiness with the outcome of his plea.[3] Absent an allegation of the condition precedent for an appeal, as specified in counsel's supposedly deficient advice, it is not evident how Jackson is prejudiced by constraints on that appeal.
¶12 Second, Jackson also alleged that if he had known that he would not be able to "secure a trial based on disappointment with the sentence or weaknesses in the State's case against him, he would have insisted on a trial." Again, there is no allegation of disappointment with the sentence. Further, Jackson's claim that he would have sought a trial based on "weaknesses" in the State's case is conclusory. Without knowing what Jackson believed the weaknesses to be, we have no way to meaningfully evaluate why he would not have entered a guilty plea. See id. , ¶¶23-24.
¶13 In short, we agree with the circuit court's conclusion that the postconviction motion was insufficient to entitle Jackson to an evidentiary hearing on his postconviction motion. Thus, the decision whether to hold a hearing was a matter for the circuit court's discretion, and we are not persuaded that discretion was erroneously exercised.
By the Court. -Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5. (2015-16).

The Honorable M. Joseph Donald accepted Jackson's plea and imposed sentence, resulting in the judgment of conviction. The Honorable Carolina Stark denied the postconviction motion. The bulk of this opinion deals with postconviction proceedings.

See State v. Machner , 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979).

This would likely be a difficult argument, given that Jackson received the six years of initial confinement the State agreed to recommend as part of the plea bargain, and one year less of extended supervision than defense counsel argued for.